**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| Lynne D., | Case No. 23-cv-3761 (DSD/TNL) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Michelle King[1], Acting Commissioner of Social Security Administration, | |
| Defendant. | |

---

Lynne D.[2], 18002 151st Street, Spring Valley, MN 55975 (pro se Plaintiff); and

Ana H. Voss, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415; James D. Sides and Sophie Doroba, Social Security Administration, Office of Program Litigation, 6401 Security Boulevard, Baltimore, MD 21235 (for Defendant).

## I. INTRODUCTION

Plaintiff Lynne D. challenges Defendant Commissioner of Social Security's denial of her application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401. Pursuant to the Federal Rules of Civil Procedure's Supplemental Rules governing social security actions, this "action is presented for decision by the parties' briefs." Fed. R. Civ. P. Supp. SS Rule 5. Plaintiff filed a brief, *see* Pl.'s SSA Brief, ECF

---

[1] Michelle King is currently serving as the Acting Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d), she is automatically substituted as Defendant in this suit. *See* Fed. R. Civ. P. 25(d).

[2] The Court was advised on August 20, 2024, of the unexpected and unfortunate passing of Plaintiff's attorney. *See* ECF Nos. 13 and 14. No notice of appearance by another attorney has been filed and therefore the Court assumes that Plaintiff is proceeding pro se.

1

No. 10, requesting the Court reverse the Commissioner's decision and remand for a determination of benefits. Defendant also filed a brief, *see* Def.'s SSA Brief, ECF No. 11, requesting the Court to affirm the Commissioner's decision.

This matter is before the undersigned United States Magistrate Judge on the parties' briefs. These briefs have been referred to the undersigned for a report and recommendation to the district court, the Honorable David S. Doty, District Judge for the United States District Court for the District of Minnesota, under 28 U.S.C. § 636 and D. Minn. LR 72.1. Based upon the record, memoranda, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's request for relief, ECF Nos. 10 and 12, be **DENIED**; Defendant's request for relief, ECF No. 11, be **GRANTED**; and the Commissioner's decision be **AFFIRMED**.

## II. PROCEDURAL HISTORY

Plaintiff applied for disability insurance benefits on January 12, 2022, alleging a disability onset date of September 24, 2020, due to disorder of her spine and obesity. Tr. 156-63, 181, ECF No. 9. Plaintiff's application was denied initially and again upon reconsideration. Tr. 76-79, 83-86. Plaintiff then requested a hearing before an administrative law judge ("ALJ"), Tr. 87, and a hearing was held in December 2022 after which the ALJ issued a decision to Plaintiff in January 2023 finding her not disabled. Tr. 8-19, 29-53. The Appeals Council denied Plaintiff's request for review. Tr. 1-5. As a result, the ALJ's January 2023 decision became the final decision of the Commissioner subject to judicial review. *See* 42 U.S.C. § 405(g). Plaintiff now seeks review by this Court.

## III.  THE ALJ'S DECISION

The ALJ determined that Plaintiff last met the insured status requirements of the Social Security Act on March 31, 2021. Tr. 13. The ALJ further determined that Plaintiff did not engage in substantial gainful activity from September 24, 2020 through March 31, 2021. Tr. 13. The ALJ next found that Plaintiff has the following severe impairments through the date last insured: lumbar degenerative disc disease and obesity. Tr. 13. The ALJ also concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments under 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 14.

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff has the residual functional capacity to perform light work, except that:

> [she] can occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl. [Plaintiff] can never climb ladders, ropes and scaffolds. [Plaintiff] should never be exposed to unprotected heights and dangerous moving mechanical parts. [Plaintiff] can have no more than occasional exposure to extreme cold.

Tr. 15. Next, the ALJ found that Plaintiff was not able to perform any past relevant work through the date last insured but could have performed other jobs in the national economy that existed in significant numbers. Tr. 18. Accordingly, the ALJ found that Plaintiff was not disabled from September 24, 2020 through March 31, 2021. Tr. 19.

## IV.  ANALYSIS

### A.  Legal Standard

Disability benefits are available to individuals who are determined to be under a disability. 42 U.S.C. §§ 423(a)(1), 1381a; *accord* 20 C.F.R. § 404.315. An individual is

3

considered to be disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *accord* 42 U.S.C. § 1382c(a)(3)(A); *see also* 20 C.F.R. § 404.1505(a). This standard is met when a severe physical or mental impairment, or impairments, renders the individual unable to do her previous work or "any other kind of substantial gainful work which exists in the national economy" when taking into account her age, education, and work experience. 42 U.S.C. § 423(d)(2)(A); *accord* 42 U.S.C. § 1382c(a)(3)(B); *see also* 20 C.F.R. § 404.1505(a).

Disability is determined according to a five-step, sequential evaluation process. 20 C.F.R. § 404.1520(a)(4).

> To determine disability, the ALJ follows the familiar five-step process, considering whether: (1) the claimant was employed; (2) she was severely impaired; (3) her impairment was, or was comparable to, a listed impairment; (4) she could perform past relevant work; and if not, (5) whether she could perform any other kind of work.

*Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010). In general, the burden of proving the existence of disability lies with the claimant. 20 C.F.R. § 404.1512(a). Once the claimant demonstrates that she cannot perform past work due to a disability, "the burden of proof shifts to the Commissioner to prove, first that the claimant retains the residual functional capacity to do other kinds of work, and, second that other work exists in substantial numbers in the national economy that the claimant is able to do." *Nevland v. Apfel*, 204 F.3d 853, 857 (8th Cir. 2000).

This Court reviews whether the ALJ's decision is supported by substantial evidence in the record as a whole. *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Id.* "It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted); *see, e.g.*, *Chismarich v. Berryhill*, 888 F.3d 978, 979 (8th Cir. 2018) (defining "substantial evidence as less than a preponderance but enough that a reasonable mind would find it adequate to support the conclusion" (quotation omitted)).

This standard requires the Court to "consider both evidence that detracts from the [ALJ's] decision and evidence that supports it." *Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011); *see Grindley v. Kijakazi*, 9 F.4th 622, 627 (8th Cir. 2021). The ALJ's decision "will not [be] reverse[d] simply because some evidence supports a conclusion other than that reached by the ALJ." *Boettcher*, 652 F.3d at 863; *Perks v. Astrue*, 687 F.3d 1086, 1091 (8th Cir. 2012). "The court must affirm the [ALJ's] decision if it is supported by substantial evidence on the record as a whole." *Chaney v. Colvin*, 812 F.3d 672, 676 (8th Cir. 2016) (quotation omitted). Thus, "[i]f, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." *Perks*, 687 F.3d at 1091.

### B. The ALJ's Residual Functional Capacity Determination

Plaintiff argues that the ALJ's residual functional capacity determination is not supported by the evidence in the record. *See* Pl.'s SSA Brief at 10-13. Plaintiff specifically argues that the ALJ's determination is based on a misreading of Plaintiff's daily activities.

5

*Id.* at 12. The Commissioner argues that Plaintiff misconstrued the ALJ's decision. Def.'s SSA Brief at 7.

A claimant's "residual functional capacity is the most [she] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1); *see McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011) ("A claimant's [residual functional capacity] represents the most [s]he can do despite the combined effects of all of h[er] credible limitations and must be based on all credible evidence."); *see also Schmitt v. Kijakazi*, 27 F.4th 1353, 1360 (8th Cir. 2022)."Because a claimant's [residual functional capacity] is a medical question, an ALJ's assessment of it must be supported by some medical evidence of the claimant's ability to function in the workplace." *Perks*, 687 F.3d at 1092 (quotation omitted).

At the same time, the residual-functional-capacity determination "is a decision reserved to the agency such that it is neither delegated to medical professionals nor determined exclusively based on the contents of medical records." *Noerper v. Saul*, 964 F.3d 738, 744 (8th Cir. 2020); *see Perks*, 687 F.3d at 1092; *see also* 20 C.F.R. § 404.1546(c). "An ALJ determines a claimant's [residual functional capacity] based on all the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of her limitations." *Combs v. Berryhill*, 878 F.3d 642, 646 (8th Cir. 2017) (quotation omitted). Plaintiff bears the burden to establish her residual functional capacity. *Mabry v. Colvin*, 815 F.3d 386, 390 (8th Cir. 2016).

Plaintiff's residual functional capacity is supported by substantial evidence in the record as a whole. The ALJ considered the objective medical evidence, s*ee* Tr. 16, which

showed progression with Plaintiff's lower back pain with physical therapy and medication. *See* Tr. 285, 314-15, 506, 560. The ALJ also considered Plaintiff's unremarkable physical examination results. *See* Tr. 16, 341, 388, 402, 429. The ALJ considered Plaintiff's gait which appeared less antalgic with consecutive treatment and noted inconsistent use of a cane for ambulation. *See* Tr. 16 (citing 385, 388, 399, 402). Overall, the record reflects conservative treatment and positive progression which tends to show that Plaintiff's impairments "were not disabling." *Pierce v. Kijakazi*, 22 F.4th 769, 773 (8th Cir. 2022). The ALJ also considered the effect of Plaintiff's obesity on her ability to function, perform routine movement, and complete physical activity within a working environment. *See* Tr. 16 (citing 284, 506).

The ALJ considered Plaintiff's testimony and subjective complaints relating to her symptoms but ultimately found her allegations to be inconsistent with the objective medical evidence and Plaintiff's activities of daily living. *See* Tr. 15-17 (citing 34-39, 215-22, 314-15, 385, 388, 399, 402). Plaintiff's function report and testimony provide that her activities include completing household chores and yard work, shopping for groceries, caring for an animal, preparing meals, driving, completing personal care tasks, and handling finances. *See* Tr. 36-38, 216-18. Plaintiff's hobbies include quilting, preserving foods, making candy and bread, gardening, fishing, stretching, performing yoga, and traveling. *See* Tr. 38-39, 219. These activities, some of which Plaintiff can complete independently, are inconsistent with disabling pain. *See Bryant v. Colvin*, 861 F.3d 779, 783 (8th Cir. 2017).

The ALJ also considered medical opinion evidence and prior administrative medical findings. *See* Tr. 17 (citing 54-60, 62-68, 569-70). State medical consultant Dr. Fingar

7

reviewed Plaintiff's record and opined that Plaintiff would be capable of light work to which medical consultants Dr. Chelton and Dr. Bordwell agreed. *See* Tr. 54-60, 62-68, 569-70. The ALJ found these prior administrative medical findings to be persuasive. Tr. 17. The ALJ also considered Dr. Deal's opinion—whose opinion the ALJ found unpersuasive—that Plaintiff is "capable of working full time" and that "[t]here is absolutely no evidence to support the fact that she would require work restrictions." Tr. 17, 343.

Upon this Court's review, the ALJ's residual functional capacity determination is supported by substantial evidence in the record and Plaintiff's challenge to it fails. Plaintiff is essentially asking for the Court to reweigh the evidence, but it is well established that this Court cannot reweigh the evidence as part of its review. *See Schmitt*, 27 F. 4th at 1361 ("Despite [the claimant's] dissatisfaction with how the ALJ weighed the evidence, it is not this Court's role to reweigh that evidence."); *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision."). Accordingly, the Court recommends the Commissioner's decision to be affirmed.

## V. RECOMMENDATION

Based upon the record, memoranda, and proceedings herein, and for the reasons stated above, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's request for relief, ECF Nos. 10 and 12, be **DENIED**.
2. Defendant's request for relief, ECF No. 11, be **GRANTED**.

3. The Commissioner's decision be **AFFIRMED.**

Date: January 28, 2025

*s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Lynne D. v. King*,
Case No. 23-cv-3761 (DSD/TNL)

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).